USCA1 Opinion

 

 August 17, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _____________________ No. 92-2339 ERNEST PITOCHELLI, ET AL., Plaintiffs, Appellee, v. TOWN OF JOHNSTON, Defendant, Appellant. _____________________ ERRATA SHEET The opinion of this Court issued on July 6, 1993, is amended as follows: Strike the first full paragraph on page 6. Strike "as modified" in the mandate paragraph on page 6. July 6, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2339 ERNEST PITOCHELLI, ET AL., Plaintiffs, Appellees, v. TOWN OF JOHNSTON, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ ____________________ Before Boudin, Circuit Judge, _____________ Coffin, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Thomas A. DiLuglio for appellant. __________________ John A. Glasson for appellees. _______________ ____________________ ____________________ COFFIN, Senior Circuit Judge. Defendant appeals an award of ____________________ attorney's and expert fees granted to plaintiffs at the conclusion of their successful challenge to the voting districts in the Town of Johnston, Rhode Island. We decrease the amount of the expert fees award but otherwise affirm. I. The Town of Johnston contains five councilmanic districts that, until this litigation, had not been redrawn since they were adopted in 1963. In June 1990, two registered voters sued the town pursuant to the Civil Rights Act of 1871, 42 U.S.C. 1983, 1985(3), to effect reapportionment in accordance with the one- person, one-vote standard of Reynolds v. Sims, 377 U.S. 533 ________ ____ (1964). In their motion for a preliminary injunction, plaintiffs sought immediate redistricting according to data collected in the 1980 census or, alternatively, electing all seats in 1990 at large. The district court determined that the councilmanic districts were malapportioned and ordered the town to conduct at- large elections that year. It did not yet require redistricting because release of the 1990 census data was imminent and the town could not reapportion the districts without postponing the elections. Once data from the 1990 census became available, plaintiffs amended their complaint to request redistricting based on these population figures. Finally, in August 1992, on the eve of trial, the town submitted a reapportionment plan using the 1990 -3- census data. The plan, with some revisions, was accepted by plaintiffs and the court, and a consent judgment was entered. Plaintiffs then moved for attorney's fees, expert fees, and costs, totalling $26,398.13. The town objected, arguing primarily that plaintiffs were not entitled to a full award because they had not prevailed on all of their claims and that the town was not responsible for the malapportionment. After a hearing, the district court awarded plaintiffs the entire amount of their request. This appeal followed. II. In an action to enforce civil rights, the prevailing party may recover attorney's and expert fees. 42 U.S.C. 1988.1 The determination of whether a party has prevailed and the decision to award fees is committed to the sound discretion of the district court. McDonald v. Secretary of Health and Human ________ ________________________________ Servs., 884 F.2d 1468, 1474 (1st Cir. 1989). The district court ______ must provide a clear explanation of its award to ensure meaningful review. Grendel's Den, Inc. v. Larkin, 749 F.2d 945, ___________________ ______ 950 (1st Cir. 1984). The town concedes plaintiffs' entitlement to an award of attorney's and expert fees. At oral argument, it also conceded that plaintiffs are entitled to the full amount requested if they ____________________ 1 The retroactive applicability of the Civil Rights Act of 1991, which amended Section 1988 to allow the prevailing party to recover expert fees, currently is pending before the Supreme Court. See Landgraf v. USI Film Products, 113 S. Ct. 1250 ___ ________ __________________ (1993), granting cert. in part to, 968 F.2d 427 (5th Cir. 1992). _________________________ We need not determine whether the Act applies to this proceeding, however, because defendant has never raised the issue. -4- are found to be the prevailing party on all their claims. The town protests, however, that the award is excessive because plaintiffs did not succeed in obtaining reapportionment based on the 1980 census, as they originally requested. A party prevails if it "`succeed[s] on any significant issue in litigation which achieve[s] some of the benefit [it] sought in bringing the suit.'" McDonald, 884 F.2d at 1474 (quoting Nadeau ________ ______ v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978)). The district ________ court determined that plaintiffs had achieved their ultimate goal of a just reapportionment, based on the most recent census figures. It further determined that the requested attorney's and expert fees were reasonable. The court therefore awarded fees for work expended on both the 1980 and 1990 census claims. We affirm. Defendant's technical focus on the 1980 census claim is misguided. Plaintiffs sued the town to achieve a fair apportionment of the town's voting districts, and, at every step of this proceeding, they succeeded. At the preliminary injunction hearing, they proved that the town's voting districts were malapportioned under the 1980 census, and the court forbade use of these districts in the 1990 elections. Once the 1990 census data became available, plaintiffs amended their complaint and eventually effected redistricting based on these figures. The district court therefore did not abuse its discretion by awarding fees for work expended on plaintiffs' original and amended claims. -5- Alternatively, the town argues that special circumstances render any award unjust. The town explains that its charter requires districts based on the number of electors, not residents. Johnston Town Charter Sec. 2-6. It therefore claims that it "did not create and is powerless to prevent" the malapportionment. Appellant's Brief at 18-19. The town asserts that its blamelessness is a special circumstance that should relieve it of the burden of bearing plaintiffs' fees. See ___ Chastang v. Flynn and Emrich Co., 541 F.2d 1040, 1045 (4th Cir. ________ ____________________ 1976) (citations omitted). The town's argument lacks merit. We note that the charter itself requires the town to redistrict within one year of each census and more often if necessary, yet the town took no action until it was sued 27 years after the districts first were established.2 The town clearly had the authority to reapportion the councilmanic districts, for it drafted the redistricting plan incorporated in the consent judgment. Finally, the town contends that the district court's award of fees resulted from a biased perception that the town had prolonged the litigation needlessly and willfully. The town argues that newspaper articles critical of its conduct of the case impermissibly influenced the district court. Defendant appends copies of these articles to its brief on appeal. It did ____________________ 2 On appeal, the town urges that it made attempts to correct the malapportionment before this lawsuit. The record, however, does not contain any competent evidence of these attempts. -6- not present the issue of bias or the articles to the district court. We decline to consider the question of bias, for it was raised for the first time on appeal. See United States v. ___ ______________ Yefsky, No. 90-1174, slip op. at 22 n.7 (1st Cir. May 3, 1993). ______ We do not intend, however, for our refusal to be construed as conferring merit on defendant's claim. The town has not presented a plausible challenge to the district court's impartiality. Affirmed.3 ________ ____________________ 3 In its brief, the town included two pages entitled "Appellant, Town of Johnston's, Motion for Rehearing," which purports to request reconsideration of the district court's award of fees. The town has not filed a motion requesting this relief, and we decline to address its self-styled "motion." The issues it raises, however, are identical to those raised on appeal. -7-